IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PHYLLIS A. BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV553 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Phyllis A. Barnes seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claim for Disability Insurance Benefits ("DIB"). The Commissioner's denial decision became final on June 22, 2009, when the Appeals Council found no basis to review the decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

### The Claimant

Plaintiff was born on August 13, 1964, and was 40 years of age on her alleged onset date of disability. She has a high school education. Plaintiff has past relevant work experience as a deli manager, deli clerk, cake decorator and waitress. Plaintiff alleges disability as of July 11, 2005, due to fibromyalgia, seizure disorder, high blood pressure and irritable bowel syndrome.

## The Administrative Proceedings

Plaintiff filed an application for DIB on April 14, 2006, alleging disability as of July 11, 2005, due to fibromyalgia, seizure disorder, high blood pressure and irritable bowel syndrome. Her claim was denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on November 3, 2008, and a decision denying benefits was issued on March 31, 2009. Plaintiff filed a request for review, and on June 22, 2009, the Appeals Council found no basis for review of the ALJ's decision.

The findings of the ALJ relevant to this review include the following:

1. Plaintiff meets the disability insured status requirements of the Social Security Act through December 31, 2010.

2. Plaintiff has not engaged in substantial gainful activity since her alleged onset date of disability.

3-4. Plaintiff's fibromyalgia, left lumbar spine radiculopathy, seizures and anxiety disorder are "severe" impairments, but do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except she is precluded from work requiring occasional climbing of stairs, ramps and ladders; she must avoid exposure to hazards including machinery and heights; and she must have the option to alternate between sitting and standing during the work day.

6. Plaintiff is unable to perform any of her past relevant work.

7-9. Plaintiff was born on August 13, 1964, and was 40 years old, which is defined as a younger individual, on her alleged onset date. She has a high school education and is able to communicate in English. Transferability of job skills is not an issue in this case because Plaintiff's past relevant work is unskilled.

10. Considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

11. Plaintiff has not been under a disability, as defined by the Social Security Act, from July 11, 2005, through the date of this decision.

## The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. § 404.1520. Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and if not, (5) whether she can perform other work. The burden of persuasion is on the claimant through the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering her age, education and work experience. *Id.*

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act through December 31, 2010. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any time since her alleged onset date of disability. Proceeding to step two, the ALJ found that Plaintiff suffers from fibromyalgia, left lumbar spine radiculopathy, seizures and anxiety disorder, impairments that are severe within the meaning of 20 C.F.R. § 404.1520(c). The

-4-

Case 1:09-cv-00553-JAB-PTS   Document 14   Filed 12/20/11   Page 4 of 8

ALJ proceeded with the sequential evaluation and found at step three that Plaintiff does not have an impairment, or combination of impairments, that meets or equals the ones listed in Appendix 1, Subpart P, Regulations No. 4. The ALJ continued his evaluation at step four, finding that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except she is precluded from work requiring occasional climbing of stairs, ramps and ladders; she must avoid exposure to hazards including machinery and heights; and she must have the option to alternate between sitting and standing during the work day. Concluding his evaluation at step five, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff is able to perform, and that Plaintiff is therefore not disabled.

In this action for judicial review, Plaintiff argues that the ALJ erred at Step Four of the sequential evaluation by failing to specify the maximum time that Plaintiff can sit, stand or walk, and the frequency which with Plaintiff must alternate between sitting and standing. (Docket No. 10, Pl.'s Br. Supp. Mot. for Summ. J., at 3.) Plaintiff asserts that Social Security Ruling 96-8p, *Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims* ("SSR 96-8p"), requires the ALJ to describe in the decision the maximum amount of sitting, standing and walking that Plaintiff can perform. (*Id.* at 3-4.)

SSR 96-8p requires that the RFC must "assess [claimant's] work-related abilities on a function-by-function basis." The ALJ found that Plaintiff can perform light work, but she is precluded from work requiring occasional climbing of stairs, ramps and ladders and she

-5-

must have the option to alternate sitting and standing during the work day. (Tr. at 16-17.) Light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday. Social Security Ruling 83-10, *Titles II and XVI: Determining Capability To Do Other Work – The Medical-Vocational Rules of Appendix 2* ("SSR 83-10"). By finding Plaintiff capable of performing light work, the ALJ found that she is able to stand and walk for six hours in an eight-hour workday. The regulations further provide:

> Even though the weight lifted may be very little, a job is in [the light work] category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b) (2011). These administrative statements fully address the seven exertional activities required by SSR 96-8p.

Plaintiff further argues that Social Security Ruling 83-12, *Titles II and XVI: Capability to Do Other Work-The Medical-Vocational Rules as a Framework for Evaluating Exertional Limitations Within a Range of Work or Between Ranges of Work* ("SSR 83-12"), requires the ALJ to specify the frequency with which Plaintiff needs to alternate between sitting and standing. (Docket No. 10 at 6.) SSR 83-12 states that "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a [vocational specialist] should be consulted to clarify the implications for the occupational base." SSR 83-12 imposes no specific obligation that the Commissioner specify how often a claimant must sit or stand, but instead

suggests that where a claimant is limited both to unskilled work and in her ability to sit or stand, the Commissioner should consult a vocational specialist to determine whether there are unskilled jobs the claimant can perform. Here, the ALJ Commissioner did consult with a vocational expert at the hearing and therefore, there was no error..

Moreover, even if the Court found SSR 83-12 required the ALJ to specify the frequency of Plaintiff's need to sit and stand, the ALJ's finding that Plaintiff requires a "sit/stand option" would be adequate. A residual functional capacity that states a claimant requires the option to sit or stand "clearly contemplate[s]" that the claimant requires the option to sit or stand at will during the work day. *Robertson v. Barnhart*, No. 02-2381-JWL, 2003 WL 21254771, at *3-4 (D. Kan. May 28, 2003)(unpublished decision). Because the ALJ included in his hypothetical question to the vocational expert the limitation that Plaintiff required a sit/stand option, it is also reasonable to find that the vocational expert understood that the sit/stand option meant that Plaintiff could sit or stand whenever she wanted. *See Nesbitt v. Barnhart*, No. 03 C 8308, 2004 WL 2092006, at *7 (N.D. Ill. Sept. 14, 2004)(unpublished decision)("[T]he frequency and duration of the sit/stand option implicitly is an indefinite period of time - Claimant could either sit or stand as often as he would like and for however long as he would like.").

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for summary judgment (Docket No. 9) be denied, that the Commissioner's motion for judgment on the

pleadings (Docket No. 12) be granted, and that judgment be entered in favor of the Commissioner.

                                              /s/ P. Trevor Sharp
                                           United States Magistrate Judge

Date: December 20, 2011